UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

CATORA NOEL,
DARREN STEPHENSON, and
IMANI-KAI BROWN

Defendants.

**ORDER**

26 Cr. 354 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f), to remind the Government of its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the potential consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. Id. at 87. This obligation applies regardless of whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of its disclosure obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of Giglio v. United States, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendants to make effective use of it at trial or at such other time as the Court may order.

The Government's disclosure obligations are continuing in nature and apply to materials that become known to the Government in the future. If information is subject to disclosure pursuant to this Order, it must be disclosed regardless of whether the Government credits the information.

In the event that the Government believes that compliance with this Order would compromise witness safety, victim rights, national security, a sensitive law enforcement technique, or any other substantial government interest, it may apply for a modification of this Order.

For purposes of this Order, the "Government" includes all current or former federal, state, and local prosecutors, and other law enforcement officers, who have participated in the instant prosecution of, or in the investigation that led to the instant prosecution of, the defendants. The Government has an affirmative obligation to seek from such sources all information subject to disclosure under this Order.

If the Government fails to comply with this Order – in addition to ordering production of the information – the Court may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose sanctions on any responsible lawyer for the Government;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

Dated: New York, New York
September 1, 2026

SO ORDERED.

Paul G. Gardephe
United States District Judge